STATE OF NORTH CAROLINA v. WILLIAM CANNADY

No. 727SC600

(Filed 22 November 1972)

1. **Homicide § 21— second degree murder — sufficiency of evidence to withstand nonsuit**

   State's evidence was sufficient to withstand nonsuit in a murder case where such evidence tended to show that defendant and deceased argued over payment to defendant's mother for a telephone call made by deceased, that defendant approached deceased with a shotgun, that deceased retreated to the wall and that defendant struck deceased on his head with the shotgun which discharged, killing deceased.

2. **Homicide §§ 14, 30— killing with a deadly weapon — presumption of malice — involuntary manslaughter improper**

   Where the evidence in a murder case established a killing with a deadly weapon, a presumption of malice arose which was not dispelled by the evidence; therefore, the trial court did not err in refusing to submit the lesser included offense of involuntary manslaughter as a possible verdict.

APPEAL by defendant from *Harry C. Martin, Judge,* February 1972 Criminal Session WILSON Superior Court.

Defendant was indicted at the February 1971 Session of Wilson Superior Court for the murder of Joe Nathan Moore on 5 December 1970. At the May 1971 Session of the Court, defend-

ant was found guilty of second-degree murder and from judgment rendered on the verdict, he appealed to the Court of Appeals.

By opinion filed 15 December 1971, reported in 13 N.C. App. 240, 185 S.E. 2d 287, this court ordered a new trial for the reason that police officers gave testimony relative to an in-custody statement made by defendant when the procedure prescribed by *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971) was not followed.

At the retrial defendant was tried for second-degree murder, was found guilty of voluntary manslaughter, and from judgment imposing 10 years prison sentence to be credited with 10 months spent in jail awaiting trial, defendant appealed.

*Attorney General Robert Morgan by Charles A. Lloyd, Assistant Attorney General, for the State.*

*Farris and Thomas by Robert A. Farris for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the failure of the court to allow his timely made motions for nonsuit.

The evidence, viewed in the light most favorable to the State, tended to show: On 5 December 1970 defendant and decedent were at a place of business operated by defendant's stepfather, Sam Smith. The business was located in the Smith residence; a room was provided for a jukebox and dancing, and various items including soft drinks and cigarettes were offered for sale. Decedent made a long distance telephone call from the residence and an argument arose between decedent and defendant's mother over payment for the call. Defendant stated that he was tired of people running over his mother. While on his way to the kitchen Smith heard his wife (defendant's mother) scream. He hurried to the bedroom and found her pulling at defendant, trying to keep him from going to the jukebox room where decedent was. In spite of the efforts of Smith and his wife, defendant went into the room where decedent was. Decedent did nothing to defendant but retreated to the wall. Defendant struck decedent on his head with a sawed-off shotgun which discharged, the load entering decedent's head causing death.

We hold that the evidence was sufficient to survive the motions for nonsuit and the court properly submitted the case to the jury.

Defendant assigns as error the failure of the court to submit involuntary manslaughter as a possible verdict.

Where, under the bill of indictment, it is permissible to convict defendant of a lesser degree of the crime charged, and there is evidence to support a milder verdict, defendant is entitled to have the different permissible verdicts arising on the evidence presented to the jury under proper instructions. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Keaton,* 206 N.C. 682, 175 S.E. 296 (1934). This principle applies, however, only in those cases where there is evidence of guilt of the lesser degree. *State v. Smith,* 201 N.C. 494, 160 S.E. 577 (1931).

Murder in the second-degree is the unlawful killing of a human being with malice but without premeditation and deliberation. *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889 (1963). Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. *State v. Benge,* 272 N.C. 261, 158 S.E. 2d 70 (1967). Involuntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury. *State v. Foust, supra; State v. Honeycutt,* 250 N.C. 229, 108 S.E. 2d 485 (1959); *State v. Satterfield,* 198 N.C. 682, 153 S.E. 155 (1930). When the killing with a deadly weapon is admitted or established, two presumptions arise: (1) that the killing was unlawful; (2) that it was done with malice; and an unlawful killing with malice is murder in the second-degree. *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322 (1955).

[2] Evidence in the case at bar established a killing with a deadly weapon, therefore, a presumption of malice arose. Furthermore, the evidence tended to show malice on the part of defendant. Defendant did not testify in his own behalf and there was no evidence to dispel the presumption of malice. We hold that the court did not err in failing to submit involuntary manslaughter as a possible verdict. We are not called upon to say if the court improperly submitted voluntary manslaughter as a possible verdict as any error on that point was favorable to defendant.

Defendant's other assignments of error relate to the admission of evidence and the court's instructions to the jury. We have carefully considered those assignments of error but find them to be without merit.

We hold that defendant received a fair trial, free from prejudicial error, and the sentence imposed was within the limits prescribed by statute.

No error.

Chief Judge MALLARD and Judge BROCK concur.