251 S.E.2d 430 (1979)
296 N.C. 495
STATE of North Carolina
v.
Luico Carl FLEMING, Jr.
No. 62.
Supreme Court of North Carolina.
February 5, 1979.
*432 Rufus L. Edmisten, Atty. Gen., by Isaac T. Avery, III, Asst. Atty. Gen., Raleigh, for the State.
Edward B. Higgins, Jr., Kernersville, for defendant appellant.
HUSKINS, Justice:
Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. G.S. 14-17; State v. Lamm, 232 N.C. 402, 61 S.E.2d 188 (1950).
Murder in the second degree is the unlawful killing of a human being with malice but without premeditation and deliberation. State v. Foust, 258 N.C. 453, 128 S.E.2d 889 (1963).
Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. State v. Benge, 272 N.C. 261, 158 S.E.2d 70 (1967).
Involuntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury. State v. Wrenn, 279 N.C. 676, 185 S.E.2d 129 (1971). Compare State v. Rummage, 280 N.C. 51, 185 S.E.2d 221 (1971).
The jury should be instructed on a lesser included offense when, and only when, there is evidence from which the jury could find that such included crime of lesser degree was committed. State v. Ward, 286 N.C. 304, 210 S.E.2d 407 (1974); State v. Duboise, 279 N.C. 73, 181 S.E.2d 393 (1971). "The presence of such evidence is the determinative factor." State v. Hicks, 241 N.C. 156, 84 S.E.2d 545 (1954).
Here, all of the State's evidence tends to show a killing with malice. Malice is that condition of the mind which prompts one person to take the life of another intentionally without just cause, excuse or justification. "Malice is not only hatred, ill-will, or spite, as it is ordinarily understoodto be sure that is malicebut it also means that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." State v. Moore, 275 N.C. 198, 166 S.E.2d 652 (1969). Malice is said to exist as a matter of law "whenever there has been an unlawful and intentional homicide without excuse or mitigating circumstance." State v. Baldwin, 152 N.C. 822, 68 S.E. 148 (1910). Circumstances immediately connected with the killing by defendant, the viciousness and depravity of his acts and conduct attending the killing, are evidence of malice and properly considered. State v. Faust, 254 N.C. 101, 118 S.E.2d 769, cert. denied, 368 U.S. 851, 82 S.Ct. 85, 7 L.Ed.2d 49 (1961). A malicious killing cannot be voluntary manslaughter.
The testimony of State's witness Sharon Albright places defendant and his victim about a block away when she first saw them. She saw the man when he "went around the girl's neck"; and while the girl was fighting to get away and fell, the man straddled her and his arm was moving up and down and around "just cutting . . as if he had . . . killed a chicken." While this was transpiring, the victim held up her hands and said, "Lady, oh Lord, please help me."
State's witness Jo Anne Carpenter testified that when Debra Jean fell defendant straddled her and stayed on top cutting her "a good five minutes." She said defendant had a knife that looked like a butcher knife.
On the other hand, defendant testified that the only reason he ran down the street after the victim was because she was naked; that he picked up the knife on impulse and had no intention of hurting her; that she stumbled and fell and when he tried to pick her up she kicked him and, having again obtained possession of the knife, tried to cut him; that he put his legs across her solely for the purpose of holding her in place and, while attempting to ward *433 off her blows, he "pushed the knife too hard and it hit her."
Clearly, defendant's evidence, taken as true, neither justifies nor requires a charge on voluntary manslaughter. It does not indicate that the killing resulted from the use of excessive force in the exercise of the right of self-defense, nor that it was the result of anger suddenly aroused by provocation which the law deems adequate to dethrone reason temporarily and to displace malice. See State v. Ward, supra. Defendant in his testimony makes no contention that he cut the deceased in the heat of passion or in self-defense. He says the cutting was not intentional. If believed, his testimony would support a finding of either (1) an accidental killing or (2) perhaps an unintentional homicide resulting from the reckless use of a deadly weapon under circumstances not evidencing a heart devoid of a sense of social duty. In the setting created by such testimony, and with credibility a matter for the jury, it was not error for the court to submit involuntary manslaughter with appropriate instructions and exclude voluntary manslaughter from the list of permissible verdicts. Defendant's first and only assignment of error is therefore overruled.
For the reasons stated the verdict and judgment must be upheld.
NO ERROR.
BROCK, J., did not participate in the consideration or decision of this case.