STATE OF NORTH CAROLINA v. ERIC W. OWENS

No. 8226SC563

(Filed 18 January 1983)

Homicide § 30.2— error in failing to submit voluntary manslaughter

The trial court in a murder prosecution erred in failing to submit the lesser offense of voluntary manslaughter to the jury where there was evidence tending to show that defendant shot decedent with a pistol while decedent was beating defendant with his fists and a belt, since the jury could have concluded that defendant intentionally fired the pistol in self-defense but used excessive force.

APPEAL by defendant from *Howell, Judge.* Judgment entered 15 January 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 December 1982.

Defendant was indicted for first degree murder, convicted of second degree murder, and sentenced to 25 years imprisonment for the shooting death of Willie Hayes.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Paul J. Williams for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in refusing his request for an instruction on voluntary manslaughter. We agree.

Voluntary manslaughter is defined as the "unlawful killing of a human being without malice and without premeditation and deliberation." *State v. Benge,* 272 N.C. 261, 158 S.E. 2d 70 (1967). A defendant may be guilty of voluntary manslaughter if he kills in self-defense, but uses excessive force. *State v. Woods,* 278 N.C. 210, 179 S.E. 2d 358 (1971). Under a bill of indictment for first degree murder, if there is evidence to support the submission of the lesser offense of voluntary manslaughter, the defendant is entitled to an instruction on it. *State v. Wrenn,* 279 N.C. 676, 185 S.E. 2d 129 (1971).

We have reviewed the transcript and find that there is evidence to require the submission of voluntary manslaughter to the jury.

State's evidence tends to show that the deceased, Willie Hayes, had returned home drunk. When Hayes was drunk, he was violent and ill-tempered, and often got into fights. Hayes was a tenacious fighter who battled until he emerged victorious. Hayes was arguing with his common law wife and stepdaughter when defendant rang the doorbell. Hayes, with a leather belt wrapped around his hand, answered the door, said, "I'll show you who the boss is here," and ordered defendant to get off his porch. The wife overheard defendant ask Hayes what was wrong, that he had not done anything. The wife then heard several gunshots. A neighbor who witnessed the shooting testified that he saw defendant coming off the steps "as if he was dodging something." Defendant raised his left arm to protect his face and forehead, withdrew a revolver from his waist area with his right hand, and fired several shots toward the house. Defendant told his niece that "the man was beating me so he killed him." Hayes died of two gunshot wounds.

Defendant testified that he rang the doorbell and asked to see his girl friend, the stepdaughter. Hayes answered the door, cursing and threatening to kill defendant. As defendant turned to leave, Hayes beat defendant on the side of his face with his fists and the belt and pushed defendant off the porch. As defendant fell backwards, he pulled out the pistol, and out of fear of Hayes, shot into the air, not intending to shoot Hayes, but rather to scare Hayes. Defendant knew that Hayes had a reputation for violence.

On the basis of this evidence, the jury could have concluded that defendant intentionally fired the gun in self-defense but used excessive force. Voluntary manslaughter, therefore, should have been submitted.

Since we are ordering a new trial, we need not discuss defendant's remaining assignments of error.

New trial.

Judges JOHNSON and BRASWELL concur.