State v. Teel

STATE OF NORTH CAROLINA v. RUBY PEARL TEEL

No. 833SC296

(Filed 6 December 1983)

**Homicide § 28— failure to instruct on defense of habitation—no error**

   In a prosecution where defendant-wife was found guilty of the involuntary
   manslaughter of her husband, there was no prejudicial error in the failure of
   the trial court to instruct the jury on the subject of defense of habitation as an
   element of the defense of self-defense since (1) defendant possessed no right of
   habitation superior to her husband, and (2) self-defense, whether of person or
   habitation, is not a defense to *involuntary* manslaughter.

   APPEAL by defendant from *Reid, Judge.* Judgment entered
11 September 1982 in Superior Court, PITT County. Heard in the
Court of Appeals 15 November 1983.

   *Attorney General Edmisten by Special Deputy Attorney
General John R. B. Matthis and Assistant Attorney General
James C. Gulick, for the State.*

   *Williamson, Herrin, Stokes & Heffelfinger by Milton C.
Williamson and Ann Heffelfinger Barnhill for defendant ap-
pellant.*

   BRASWELL, Judge.

   A wife shot and killed her husband. The jury's verdict was
that the defendant-wife was guilty of involuntary manslaughter.
Upon a finding of all mitigating factors and no aggravating fac-
tors in sentencing, the judge pronounced an active sentence of six
months and one day. Defendant appeals, alleging as error the
failure of the trial court to instruct the jury on the subject of
defense of habitation as an element of the defense of self-defense.
We find no error.

   The evidence reveals that Ruby Teel and Jack Teel were
married to each other and lived together in a house in Greenville.
On 16 November 1981, Vivian Purvis, Mrs. Teel's daughter by a
prior marriage, and several grandchildren were visiting in the
Teel home. An argument began about a bottle of brandy Mr. Teel
was to have purchased for Mrs. Purvis. Mrs. Teel, Mrs. Purvis,
and the children left the house and went for the night to a trailer

outside of Greenville where Mrs. Purvis and her children were living and where they had been staying for approximately three weeks. Mrs. Teel was not renting the trailer [also called mobile home]. The undisputed testimony discloses that the mobile home was owned by both Mr. and Mrs. Teel.

Approximately three hours after the first argument, Jack Teel arrived at the trailer. Mrs. Teel let him inside. Jack was drunk. The earlier argument resumed. Mrs. Teel told the defendant to leave and not to come back. Mr. Teel went outside, but did not leave. Mr. Teel took a crowbar, struck the trailer repeatedly, broke several windows on the trailer, and damaged other parts. As Mr. Teel continued his "assaults" on the trailer and made threats to kill his wife, Mrs. Teel got her revolver and fired two rounds through a bedroom window screen. From wounds received in the shooting, Mr. Teel died.

Mr. and Mrs. Teel were not legally estranged or legally separated. Mr. Teel was an owner of the premises, the habitation that Mrs. Teel was overtly defending. Mr. Teel was not a trespasser. *State v. Miller*, 267 N.C. 409, 148 S.E. 2d 279 (1966). Mr. Teel had a right, as between husband and wife, to be on the premises. She possessed no right of habitation superior to him. Even though she may well have intended to spend the night within the trailer, or to remain away from her husband until he "sobered up," the facts reveal Mr. Teel was lawfully on the premises. Furthermore, at trial, upon a showing in the evidence, the trial judge included appropriate instructions on Mrs. Teel's personal right of self-defense in his charge to the jury.

Considering the assignment of error in another light, we note that the jury was instructed to return one of four verdicts: guilty of second-degree murder, guilty of voluntary manslaughter, guilty of involuntary manslaughter, or not guilty. The verdict was guilty of involuntary manslaughter. We hold that self-defense, whether of person or habitation, is not a defense to *involuntary* manslaughter. The jury having found the defendant not guilty of the only charges to which self-defense could legally apply, the alleged error of failure to instruct on defense of habitation was harmless beyond a reasonable doubt.

No error.

Judges ARNOLD and HILL concur.