STATE OF NORTH CAROLINA v. JAMES ERNEST GREENE

No. 254A85

(Filed 5 November 1985)

**Homicide §§ 6.1, 30.3— involuntary manslaughter—lesser included offense of murder and voluntary manslaughter**

Involuntary manslaughter is a lesser included offense of murder and of voluntary manslaughter since the essential element that the killing be unlawful is common to all four degrees of homicide, a showing that the killing was caused either by an unlawful act not amounting to a felony or by culpably negligent conduct is not evidence of an essential element of involuntary manslaughter but is proof that the killing was unlawful, and involuntary manslaughter thus does not contain an essential element not present in the crimes of murder and voluntary manslaughter. Therefore, involuntary manslaughter could properly be submitted to the jury as a possible verdict in a prosecution for second degree murder.

APPEAL by defendant pursuant to N.C.G.S. 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported in 74 N.C. App. 21, 328 S.E. 2d 1 (1985), which found no error in the trial and conviction of defendant before *Lupton, J.,* at the 5 December 1983 session of Superior Court, CALDWELL County. Heard in the Supreme Court 17 October 1985.

*Lacy H. Thornburg, Attorney General, by Charles M. Hensey, Assistant Attorney General, for the state.*

*Wilson and Palmer, by W. C. Palmer, for defendant.*

MARTIN, Justice.

The sole issue in this appeal is whether involuntary manslaughter is a lesser included offense of murder in the second degree. Concluding that it is, we affirm the decision of the Court of Appeals.

A brief summary of the evidence is sufficient: After drinking beer and hanging out at the Country Boys night spot, defendant and David Whistine had a fistfight. Both apparently were wearing brass knuckles. Defendant testified that as he was leaving Country Boys he heard Whistine say, "Run, you son of a bitch. I know where you live. I'll get you." After he got to his home, defendant walked over to the home of Johnny Tilson, Whistine's brother-in-law. Tilson testified that defendant had a gun and was looking for and threatening to kill Whistine. Defendant testified that he went to Tilson's home looking for Whistine's brother, Buddy, to tell Buddy to keep Whistine away from defendant's home. Defendant then returned to his home. After a while Buddy went over to defendant's house, and shortly thereafter Whistine showed up. A confrontation between defendant and Whistine ensued. When defendant pointed a gun at Whistine, Buddy intervened. He grabbed defendant's gun by the barrel, but defendant wrenched it away. Buddy grabbed it a second time and the gun fired, wounding Buddy, who died from the injuries suffered from the gunshot.

Defendant was indicted on the charge of murder in the second degree. Possible verdicts of manslaughter, involuntary manslaughter, and not guilty were submitted to the jury, and defendant was convicted of involuntary manslaughter. The Court of Appeals, by a divided panel, found no error in the trial, with the dissenting judge contending that involuntary manslaughter is not a lesser included offense of murder.

Defendant argues that the trial court erred in submitting involuntary manslaughter as a possible verdict, contending that it is not a lesser included offense of murder. Defendant does not contest the sufficiency of the evidence to support the charge of involuntary manslaughter.

This Court, speaking through Huskins, J., held in *State v. Wrenn*, 279 N.C. 676, 681-82, 185 S.E. 2d 129, 132 (1971):

> Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. G.S. 14-17; *State v. Lamm*, 232 N.C. 402, 61 S.E. 2d 188 (1950). Murder in the second degree is the unlawful killing of a human being with malice but without premeditation and deliberation. *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963). Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. *State v. Benge*, 272 N.C. 261, 158 S.E. 2d 70 (1967). Involuntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, *and without intention to kill or inflict serious bodily injury.* *State v. Foust, supra; State v. Honeycutt*, 250 N.C. 229, 108 S.E. 2d 485 (1959); *State v. Satterfield*, 198 N.C. 682, 153 S.E. 155 (1930).

Involuntary manslaughter has also been defined as the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976).

The single essential element common to all four degrees of homicide is that there be an *unlawful* killing of a human being. Involuntary manslaughter is not distinguished from murder or voluntary manslaughter by the presence of an essential element not contained in the greater offenses; it is distinguished from those offenses by the *absence* of elements that are essential to the greater offenses but not to involuntary manslaughter. It is the absence of malice, premeditation, deliberation, intent to kill, and intent to inflict serious bodily injury that separates involuntary manslaughter from murder and voluntary manslaughter.

Defendant argues in this Court that when the definitional test of *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), is applied to the charge in this case, involuntary manslaughter is not a lesser included offense of murder in the second degree. His theory is that involuntary manslaughter contains an essential element which is not found in murder: either (1) an unlawful act not

amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission. We disagree.

Contrary to defendant's arguments, these are not elements of involuntary manslaughter but are two methods of proving the essential element that the killing was unlawful. If the state proves beyond a reasonable doubt that the killing was caused either by an unlawful act not amounting to a felony or by culpably negligent conduct, it has proven that the killing was unlawful. That the killing be unlawful is the essential element that must be proved; showing that the killing was by an unlawful act not amounting to a felony or by culpable conduct is evidence to prove that the killing was unlawful.

Moreover, in *Wrenn*, 279 N.C. at 683-84, 185 S.E. 2d at 134, we find the following holding by this Court: "Since the evidence offered by defendant, if believed by the jury, is sufficient to support a verdict of involuntary manslaughter, *which is a lesser degree of the crime charged in the bill of indictment* [murder], the court erred in excluding it from the list of permissible verdicts." (Emphasis added.) Although this Court did not discuss the issue, this is a direct holding supporting the conclusion reached by the Court today.

As involuntary manslaughter does not contain an essential element not present in the crimes of murder and voluntary manslaughter and the essential element that the killing be unlawful is common to all four degrees of homicide, we hold that involuntary manslaughter is a lesser included offense of murder and of voluntary manslaughter.

This holding is in accord with the prior decisions of this Court which have consistently held by implication, if not directly, that involuntary manslaughter is a lesser included offense of murder and manslaughter. *See State v. Whitley*, 311 N.C. 656, 319 S.E. 2d 584 (1984) (not error to fail to submit involuntary manslaughter); *State v. Hill*, 311 N.C. 465, 319 S.E. 2d 163 (1984) (not error to fail to submit involuntary manslaughter); *State v. Buck*, 310 N.C. 602, 313 S.E. 2d 550 (1984) (error in failing to submit involuntary manslaughter); *State v. Holcomb*, 295 N.C. 608, 247 S.E. 2d 888 (1978) (not error to fail to submit involuntary manslaughter); *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (not error to fail to submit involuntary manslaughter); *State v. Foust*, 258 N.C.

453, 128 S.E. 2d 889 (not error in submitting involuntary man-slaughter); *State v. Hovis*, 233 N.C. 359, 64 S.E. 2d 564 (1951) (not error in submitting involuntary manslaughter). *Accord State v. Vines*, 93 N.C. 493 (1885); *State v. Roane*, 13 N.C. 58 (1828).

The conclusion the Court reaches is also supported by the general rule:

> Since it is a general rule that an indictment for murder in the first degree involves all other grades of homicide which the evidence tends to establish, an indictment or infor-mation charging murder in the first degree includes therein murder in the second degree and manslaughter. . . . Where murder is charged, it includes both kinds of manslaughter and will therefore support a conviction of involuntary man-slaughter.

40 Am. Jur. 2d *Homicide* § 216 (1968). *See also* 6 Strong's N.C. In-dex 3d *Homicide* § 30.3 (1977); 4 W. Blackstone, *Commentaries* *192.

The decision of the Court of Appeals is

Modified and affirmed.