STATE OF NORTH CAROLINA v. ANGELA AUSTIN DANIELS

No. 8719SC88

(Filed 6 October 1987)

**1. Homicide § 21.9— involuntary manslaughter—evidence sufficient**
    Evidence in a homicide prosecution that the victim's death was caused by defendant inadvertently stabbing him in the chest while not attempting or intending to do so was sufficient to prove involuntary manslaughter; the evidence did not establish that defendant acted in self-defense because defendant's own testimony tended to show that she did not believe it was necessary to kill the victim; and the denial of defendant's motion to set aside the verdict as against the greater weight of the evidence was within the judge's discretion.

**2. Homicide § 28— instruction on self-defense—involuntary manslaughter conviction—any error not prejudicial**

> There was no prejudicial error in a homicide prosecution from the judge's instruction on self-defense where defendant was convicted of involuntary manslaughter, to which self-defense is not a defense.

APPEAL by defendant from *Long, James M., Judge.* Judgment entered 24 September 1986 in Superior Court, CABARRUS County. Heard in the Court of Appeals 24 August 1987.

Indicted and tried for second degree murder in the death of Vernon Lee Kennedy, defendant was convicted of involuntary manslaughter. Kennedy's death was caused by defendant sticking a boning knife into his chest to a depth of three or four inches. The incident occurred in a Kannapolis apartment that defendant and Kennedy had been living in for several months, and before moving there in 1986 they had lived together in High Point for three years.

Except for the physical facts the evidence pertinent to the killing consists almost entirely of defendant's testimony and what she told various Kannapolis police officers. *Defendant testified* in effect that: Kennedy had a violent temper, had beaten her on several different occasions, and in June, 1985 broke her arm; on the night involved he became angry for no sensible reason and after throwing some things at her and slapping her about the face, he hit her twice with his fist, knocking her to the floor and against the wall; when she told him that he would not hit her like that if she were a man, he dragged her by the hair into the kitchen, took the knife from a drawer, handed it to her, and told her to fight like a man; "I stuck at him, trying to get him away from me"; she did not intend to either stab or hurt Kennedy, but "was pushing mainly at him"; when she realized that he was seriously hurt she attempted to help him and then ran for help to their neighbors, one of whom called an ambulance and the police; in the struggle with Kennedy her head, face, arm and toe were injured; later that day she was treated for those injuries in the emergency room of the Cabarrus Hospital; and that photographs showing her with a bruised eye, a bruised elbow and a bandaged toe accurately represented her appearance at that time. *One police officer or another testified* in substance that: Upon arriving at the apartment they asked the several people standing outside what hap-

pened and defendant told them she had stabbed Kennedy; a boning knife 9½ inches long with a 6½-inch blade and human blood on it was found on the kitchen table; in the several statements, oral and written, that defendant made about the incident she said that she had not meant to hurt Kennedy, that he gave her the knife and told her if she wanted to be a man she could fight like one and that she stabbed him one time in the chest; and that defendant's eye was swollen.

*Attorney General Thornburg, by Associate Attorney General Melissa L. Trippe, for the State.*

*Griggs, Scarbrough & Rogers, by James E. Scarbrough and William F. Rogers, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1] Based upon four assignments of error defendant makes three different contentions concerning the evidence, as follows: That it does not support the finding of involuntary manslaughter and thus the court erred in charging the jury thereon and in not setting the verdict against her aside; that it shows that the killing was in self-defense as a matter of law; and that its greater weight is against the verdict. Redundancy can be avoided by discussing these contentions, neither of which has merit, together. Involuntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury. *State v. Wrenn*, 279 N.C. 676, 185 S.E. 2d 129 (1971). One way of proving involuntary manslaughter, according to *State v. Greene*, 314 N.C. 649, 336 S.E. 2d 87 (1985) and *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980), is to present evidence which indicates that the killing was the result of an act done in a culpable or criminally negligent way. Evidence indicating that Kennedy's death was caused by defendant inadvertently stabbing him in the chest while not attempting or intending to do so clearly meets that requirement. Nor does the evidence necessarily establish that defendant acted in self-defense; because an element of self-defense is that the defendant reasonably believed it was necessary to kill the assailant in order to avoid being killed or seriously injured, *State v. Bush*, 307 N.C. 152, 297 S.E. 2d 563 (1982), and defendant's own testimony tends to show that she did not believe it was necessary

to kill Kennedy, since she did not intend to either stab or hurt him. As to the contention concerning the greater weight of the evidence, defendant's motion upon that ground was addressed to the judge's sound discretion, and in denying it we see no abuse.

[2]  Defendant's only other contention is that the judge improperly charged the jury regarding self-defense. Since this ground was waived by her failure to timely object to the instruction, Rule 10(b)(2), N.C. Rules of Appellate Procedure, pursuant to her request we have considered the contention under the "plain error" rule set out in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), and find no prejudicial error, "plain" or otherwise, for two reasons. First, the charge was in accord with *State v. Norris*, 303 N.C. 526, 279 S.E. 2d 570 (1981); and second, since self-defense is not a defense to a charge of involuntary manslaughter, *State v. Teel*, 65 N.C. App. 423, 310 S.E. 2d 31 (1983), and the jury found defendant not guilty of the charges to which self-defense was applicable, the error in charging thereon, if any, could not have been prejudicial.

No error.

Chief Judge HEDRICK and Judge ORR concur.