STATE OF NORTH CAROLINA v. GEORGE ODELL BENGE

No. 8727SC67

(Filed 6 October 1987)

**Homicide § 21.9— involuntary manslaughter erroneously submitted—defendant discharged**

A judgment of guilty of involuntary manslaughter was vacated and defendant discharged where the evidence showed without contradiction that defendant intentionally shot the victim at close range with a deadly weapon likely to cause death in the circumstances; nothing in the evidence suggested that the shooting was inadvertent or not felonious or dangerous to human life; there was evidence of self-defense; the issue of involuntary manslaughter was erroneously submitted to the jury; and defendant was acquitted of other, larger charges covered in the indictment by the verdict of the jury.

APPEAL by defendant from *Downs, Judge*. Judgment entered 24 September 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 24 August 1987.

*Attorney General Thornburg, by Special Deputy Attorney General Robert G. Webb, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr. for defendant appellant.*

PHILLIPS, Judge.

Indicted under G.S. 14-17 for second degree murder in the death of Howard James Anderson and tried for voluntary manslaughter, defendant, who did not testify, was convicted of

involuntary manslaughter. Anderson's death was caused by defendant shooting him in the abdomen with a shotgun while visiting in Anderson's home. Defendant's only contention here is that the evidence does not support the involuntary manslaughter verdict. Involuntary manslaughter, a lesser included offense of murder and voluntary manslaughter, is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury. *State v. Wrenn*, 279 N.C. 676, 185 S.E. 2d 129 (1971); *State v. Benge*, 272 N.C. 261, 158 S.E. 2d 70 (1967); *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963).

According to *State v. Greene*, 314 N.C. 649, 336 S.E. 2d 87 (1985), that the killing in an involuntary manslaughter case was unlawful can be proved by showing either that the killing was caused by an unlawful act not amounting to a felony, or that it was the result of criminally negligent or culpable conduct. Neither cause was established by the evidence presented in this case, which in pertinent part was as follows: During the night involved Anderson's sister, who lived next door, heard noises from Anderson's house indicating a scuffle and a gunshot, and after trying to phone him and getting a busy signal she called the Gastonia police; the officers found Anderson lying on a couch wounded in the abdomen and with a .25 caliber automatic pistol ready to fire in his pocket. Anderson later told an emergency medical technician, "He shot me with my own gun"; and his hospital record shows that he had a blood alcohol level of 0.15. A prostitute testified that during the afternoon following the shooting defendant came to her motel room with a shotgun (which she and a friend later sold for money to buy narcotics and was recovered by the police and identified as belonging to Anderson) and told her that: "Mr. Anderson had invited him in for a drink and that someone had been prowling around his house and that he gave Mr. Benge this gun and said if anyone tried to break in to shoot him . . . that Mr. Anderson also had a gun in his hand and that he had been drinking a little bit, and he had pointed the gun toward George [defendant], and George asked him to put it down, and so he did, but then he brought the gun back up, and George asked him to put it down again, and he wouldn't, and that's when George said he shot him."

While this evidence is sufficient to support a conviction of voluntary manslaughter, or even of second degree murder, *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980), it certainly does not support a conviction of involuntary manslaughter; for it shows without contradiction that defendant intentionally shot Anderson, at close range, with a deadly weapon likely to cause death under the circumstances, and nothing in the evidence even suggests that the shooting was inadvertent or not felonious and dangerous to human life. Since there was evidence of self-defense—that the intoxicated decedent, after being twice asked not to do so, continued to point a loaded pistol at defendant—and the court instructed the jury thereon, this case is governed by *State v. Ray, supra*. In that case, our Supreme Court held that in a homicide case where self-defense is in issue and there is no evidence of involuntary manslaughter that it is prejudicial error to charge on involuntary manslaughter. In this case since there is no evidence of involuntary manslaughter and the issue was erroneously submitted to the jury, the judgment must be vacated; and since by the verdict of the jury defendant has been acquitted of the other, larger charges covered by the indictment, he must be discharged. Under similar circumstances and for the same reason the defendant in *State v. Brooks*, 46 N.C. App. 833, 266 S.E. 2d 3 (1980) was also discharged.

Thus, the judgment of the trial court is vacated and the defendant is hereby ordered discharged.

Vacated.

Chief Judge HEDRICK and Judge ORR concur.