STATE v. LEWIS

[222 N.C. App. 747 (2012)]

STATE OF NORTH CAROLINA v. ROBERT JOHN LEWIS, Defendant

No. COA12-100

(Filed 4 September 2012)

### 1. Firearms and Other Weapons—improper storage of firearm—sufficient evidence

The trial court did not err by denying defendant's motion to dismiss the charge of improper storage of a firearm. There was sufficient evidence of each element of the crime, including that defendant stored a handgun in such a manner that defendant knew or should have known that an unsupervised minor would be able to gain access to it.

### 2. Homicide—involuntary manslaughter—sufficient evidence

The trial court did not err by denying defendant's motion to dismiss the charge of involuntary manslaughter. The State presented substantial evidence that defendant's improper storage of a firearm was the proximate cause of defendant's child's death.

### 3. Evidence—photograph—staged by law enforcement—no reasonable probability verdicts affected

Defendant's argument that the trial court abused its discretion in a prosecution for improper storage of a firearm and involuntary manslaughter by admitting into evidence a photograph staged by law enforcement which grossly misrepresented how defendant's legally owned weapons were kept was overruled. Even assuming *arguendo* that the trial court erred in admitting the photograph, in view of the overwhelming evidence presented by the State, there was no reasonable possibility that the verdicts returned by the jury were affected by the error.

### 4. Penalties, Fines, and Forfeitures—imposition of fine—remanded—clerical error

A judgment imposing a $500 fine for involuntary manslaughter was remanded for correction of a clerical error where the trial court orally imposed a $100 fine.

Appeal by defendant from judgments entered on or about 2 September 2011 by Judge Phyllis M. Gorham in Superior Court, Onslow County. Heard in the Court of Appeals 16 August 2012.

*Appellate Defendant Staple Hughes, by Kathleen M. Joyce, for defendant-appellant.*

*Attorney General Roy A. Cooper, III by Assistant Attorney General David N. Kirkman, for the State.*

STROUD, Judge.

Defendant appeals his convictions for improper storage of a firearm and involuntary manslaughter. For the following reasons, we find no error but remand for correction of a clerical error.

## I. Background

This case arises from the tragic death of defendant's three-year-old son, Sam.[1] The State's evidence tended to show that on the morning of 16 November 2009, defendant was at work and Ms. Kimberly Lewis, defendant's wife, was at home with Sam. After breakfast, Sam went to his room, and within ten seconds Ms. Lewis "heard a [loud] noise[.]" When Ms. Lewis entered Sam's room she saw Sam and a handgun "laying on the floor." Sam died from a "[g]unshot wound to the head." The evidence also showed that the handgun's trigger weight had been lessened which meant it "would require less force to activate the trigger[,]" and the gun was found, after the shooting, loaded with at least one hollow point bullet.

On or about 14 September 2010, defendant was indicted for possession of a weapon of mass destruction, storing a firearm in a manner accessible to a minor ("improper storage"), involuntary manslaughter, and contributing to the delinquency of a minor. On 24 March 2011, the trial court entered an order granting a mistrial as to the charges of improper storage, involuntary manslaughter, and contributing to the delinquency of a minor because the jury had been unable to reach a unanimous verdict on these charges. After defendant's second trial by jury, defendant was found guilty of involuntary manslaughter and improper storage. The trial court arrested judgment on defendant's conviction for improper storage, suspended defendant's sentence for involuntary manslaughter, and placed defendant on 36 months of supervised probation. Defendant appeals.

## II. Motion to Dismiss

Defendant first contends that "the trial court erred when it denied . . . [his] motion to dismiss" the charges of improper storage

---

1. A pseudonym will be used.

and involuntary manslaughter because "the State's case rested on mere conjecture and was legally insufficient to withstand his motion to dismiss."

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*State v. Johnson*, 203 N.C. App. 718, 724, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted). Furthermore, in evaluating evidence, "[c]ircumstantial evidence and direct evidence are subject to the same test for sufficiency, and the law does not distinguish between the weight given to direct and circumstantial evidence." *State v. Banks*, ____ N.C. App. ____, ____, 706 S.E.2d 807, 813 (2011) (citation and quotation marks omitted).

A. Improper Storage of a Firearm

[1] The crime of improper storage of a firearm is defined by North Carolina General Statute § 14-315.1(a) which provides that

> [a]ny person who resides in the same premises as a minor, owns or possesses a firearm, and stores or leaves the firearm (i) in a condition that the firearm can be discharged and (ii) in a manner that the person knew or should have known that an unsupervised minor would be able to gain access to the firearm, is guilty of a Class 1 misdemeanor if a minor gains access to the firearm without the lawful permission of the minor's parents or a person having charge of the minor and the minor:
>
> (1) Possesses it in violation of G.S. 14-269.2(b);
>
> (2) Exhibits it in a public place in a careless, angry, or threatening manner;
>
> (3) Causes personal injury or death with it not in self defense; or
>
> (4) Uses it in the commission of a crime.

N.C. Gen. Stat. § 14-315.1(a) (2009).

A plain reading of N.C. Gen. Stat. § 14-315.1(a) shows that in this case the State was required to prove: (1) the defendant "reside[d] in the same premises as a minor[;]" (2) the defendant "owns or possesses a firearm[;]" (3) the defendant "stores or leaves the firearm [(a)] in a condition that the firearm can be discharged and [(b)] in a manner that the [defendant] knew or should have known that an unsupervised minor would be able to gain access to the firearm[;]" (4) "a minor gains access to the firearm without the lawful permission of the minor's parents or a person having charge of the minor[;]" and (5a) the minor "[p]ossesses [the firearm] in violation of G.S. 14-269.2(b);" or (5b) the minor "[e]xhibits [the firearm] in a public place in a careless, angry, or threatening manner;" or (5c) the minor "[c]auses personal injury or death with [the firearm] not in self defense; or" (5d) the minor "[u]ses [the firearm] in the commission of a crime." *Id.*

Defendant does not dispute that he lived with Sam or that he owned the handgun at issue, satisfying the first two elements of improper storage. *See id.* Defendant also does not dispute that Sam gained access to the firearm without parental permission, and Sam died as a result of his self-inflicted gunshot wound, satisfying elements four and five of improper storage. *See id.* Lastly, defendant does not dispute that the gun was "in a condition that the firearm can be discharged" as the handgun was loaded and was not secured by any type of safety mechanism, satisfying the first portion of the third element of improper storage. *Id.* Thus, the second portion of the third element is the source of the dispute which requires this Court to determine whether there was substantial evidence that defendant stored the handgun "in a manner that the [defendant] knew or should have known that an unsupervised minor would be able to gain access to the firearm[.]" *Id.; see Johnson,* 203 N.C. App. at 724, 693 S.E.2d at 148.

Defendant argues that "[t]he State's evidence did not show how or from where three-year old [Sam] got the Glock handgun that he use to shoot himself[;]" "the fact of [Sam]'s death is not 'substantial evidence' that Robert Lewis himself had stored or left the Glock handgun in a condition and manner accessible to [Sam;]" and "[t]he State's evidence was limited to conjecture about how the Glock handgun might have been left the morning of [Sam]'s death." But viewing the evidence in the light most favorable to the State, as we must, *Johnson,* 203 N.C. App. at 724, 693 S.E.2d at 148, Ms. Lewis testified that defendant was "responsible for storing" the handgun and was the last person seen with the handgun the night before the incident. The

evidence also indicates that defendant normally kept the handgun on the top of an entertainment center that not even his wife was tall enough to reach, but on the day that Sam got the handgun, defendant and his family were in the process of moving, and the items on the entertainment center had been removed, and it had been moved out of the room in which it was normally located to the hallway of the home. While it is true that there is no direct evidence of how Sam managed to get the handgun, the circumstantial evidence strongly suggests that the handgun was not stored on top of the entertainment center when Sam gained access to it because Sam was not tall enough to reach the top of the entertainment center, but managed to get the handgun and shoot himself in approximately ten seconds. *See generally Banks,* _____ N.C. App. at _____, 706 S.E.2d at 813. In any event, the handgun was left in such a manner that Sam was able to access and discharge it within ten seconds or less of discovering it. *See* N.C. Gen. Stat. § 14-315.1(a). Accordingly, the trial court properly denied defendant's motion to dismiss the charge for improper storage. *See Johnson,* 203 N.C. App. at 724, 693 S.E.2d at 148.

B.  Involuntary Manslaughter

**[2]** We will next consider defendant's conviction for involuntary manslaughter. Defendant argues that the State presented insufficient evidence "that he had caused the death of [Sam] through an unlawful act or culpable negligence." However, defendant's argument is based upon a misapprehension of the elements of involuntary manslaughter. Our Supreme Court has clarified that

[i]nvoluntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury.

Involuntary manslaughter has also been defined as the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission.

The single essential element common to all four degrees of homicide is that there be an unlawful killing of a human being. Involuntary manslaughter is not distinguished from murder or voluntary manslaughter by the presence of an essential element not contained in the greater offenses; it is distinguished from those offenses by the absence of elements that are essential to the greater offenses but not to involuntary manslaughter. It is the

absence of malice, premeditation, deliberation, intent to kill, and intent to inflict serious bodily injury that separates involuntary manslaughter from murder and voluntary manslaughter.

Defendant argues in this Court that when the definitional test of *State v. Weaver*, 306 N.C. 629, 295 S.E.2d 375 (1982), is applied to the charge in this case, involuntary manslaughter is not a lesser included offense of murder in the second degree. His theory is that involuntary manslaughter contains an essential element which is not found in murder: either (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission. We disagree.

Contrary to defendant's arguments, these are not elements of involuntary manslaughter but are two methods of proving the essential element that the killing was unlawful. *If the state proves beyond a reasonable doubt that the killing was caused either by an unlawful act not amounting to a felony or by culpably negligent conduct, it has proven that the killing was unlawful. That the killing be unlawful is the essential element that must be proved; showing that the killing was by an unlawful act not amounting to a felony or by culpable conduct is evidence to prove that the killing was unlawful.*

*State v. Greene*, 314 N.C. 649, 651-52, 336 S.E.2d 87, 88-89 (1985) (emphasis added) (citations omitted). Thus, the only "essential element" the State must prove to establish involuntary manslaughter is an unlawful killing; the State proved this element by showing defendant committed the misdemeanor of improper storage which resulted in Sam's death, i.e., "an unlawful act not amounting to a felony." *Id.* at 652, 336 S.E.2d at 89; see N.C. Gen. Stat. § 14-315.1(a) (noting that violation of N.C. Gen. Stat. § 14-315.1 is a misdemeanor).

Though defendant also contends that the State failed to prove that his "conduct was the proximate cause of [Sam]'s death[,]" the State did present sufficient evidence, as discussed above, that Sam died from a self-inflicted gunshot wound because defendant improperly stored his firearm in violation of N.C. Gen. Stat. § 14-315.1. *See State v. Powell*, 336 N.C. 762, 771-72, 446 S.E.2d 26, 31 (1994) ("Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed."). Accordingly, the State presented "[s]ubstantial evidence" that defend-

ant's improper storage of a firearm was the proximate cause of Sam's death, and thus the trial court did not err in denying defendant's motion to dismiss the charge of involuntary manslaughter. *Johnson*, 203 N.C. App. at 724, 693 S.E.2d at 148; *see Powell*, 336 N.C. at 771-72, 446 S.E.2d at 31.

### III. Admission of Photograph

[3] At trial, evidence was presented that defendant was a former Marine; had sold firearms in a retail store; and at the time of Sam's death, was a civilian police officer. Over defendant's objection, a photograph of other weapons found in defendant's home was admitted into evidence. Deputy Michael Gibbs of the Onslow County Sheriff's Office testified that though the other weapons found in defendant's home were stored in cases, law enforcement "staged" the photograph by taking the weapons out of their cases and piling them in the middle of a room to show the "net effect[.]" Defendant argues "the trial court abused its discretion in admitting into evidence a photograph staged by law enforcement which grossly misrepresented how . . . [defendant]'s legally-owned weapons were kept." Defendant contends that admission of the photograph was erroneous as it was both irrelevant and the "probative value was far outweighed by the danger that it would mislead and unfairly prejudice the jury."

Even assuming *arguendo* that the trial court erred in admitting the photograph, Ms. Lewis' testimony alone establishing that defendant improperly stored the handgun which caused Sam's death is sufficient for this Court to conclude that "a different result would [not] have been reached" "had the error in question not been committed[,]" and thus we do not believe that admitting the photograph was prejudicial to defendant. *State v. Samuel*, 203 N.C. App. 610, 618, 693 S.E.2d 662, 667 (2010) ("Where a defendant has made a timely objection at trial, the admission of evidence which is technically inadmissible will be treated as harmless unless prejudice is shown. A defendant is prejudiced when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." (citations, quotation marks, ellipses, and brackets omitted)); *see State v. Milby and State v. Boyd*, 302 N.C. 137, 142, 273 S.E.2d 716, 720 (1981) ("It is well-established that the burden is on the appellant not only to show error but also to show that he suffered prejudice as a result of the error. . . . In view of the overwhelming evidence which was presented by the state, as well as the quality of the evidence, we conclude that there is no reasonable possibility that the verdicts

returned by the jury were affected by the introduction of the handguns in question." (citation omitted)).

## IV.  Fine Imposed

**[4]**  At sentencing the trial court orally imposed a $100.00 fine; however, the involuntary manslaughter judgment orders a $500.00 fine. Defendant contends that "[t]he trial court erred by entering Judgment imposing a $500 fine on . . . [defendant] after orally imposing a $100 fine at sentencing." Both defendant and the State agree that the discrepancy is the result of a clerical error. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696-97 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth. Accordingly, we remand for correction of the clerical error found on the sentencing form." (citation and quotation marks omitted)). As such, we remand for correction of the clerical error. *See id.*

## V.  Conclusion

For the foregoing reasons, we find no prejudicial error but remand for correction of a clerical error.

NO ERROR; REMANDED in part.

Judges CALABRIA and McCULLOUGH concur.