STATE OF NORTH CAROLINA v. OSCAR REGINALD HINNANT

No. 827SC1174

(Filed 15 November 1983)

1. **Criminal Law § 138— public policy aspects of Fair Sentencing Act—great discretion in trial judge**

    Trial judges continue to have great discretion with respect to balancing factors found in aggravation against factors found in mitigation, and their balancing process, if correctly carried out, will not be disturbed on appeal. Therefore, defendant's argument that an appellate court may review the trial court's sentence on the grounds that one "weak" factor in aggravation should

not be allowed to support a sentence which is double that of the presumptive sentence is rejected.

### 2. Criminal Law § 138— factors in mitigation—properly not submitted

The trial judge did not err in failing to find as mitigating factors that defendant was coerced into shooting the victim and that defendant was suffering from a mental condition (intoxication) which significantly reduced defendant's culpablity since defendant's testimony that he was "coerced" into shooting the victim, while uncontradicted, was open to question because of the subjective nature of such evidence and because the evidence tended to show that defendant was not in such a state of intoxication as would have deprived him of his reason or of his ability to understand the dangerous aspects of his conduct.

APPEAL by defendant from *Brown, Judge.* Judgment entered 21 June 1982 in NASH County Superior Court. Heard in the Court of Appeals 30 August 1983.

Defendant pleaded guilty to second degree murder, having confessed to shooting Ernest Lee Blanks. In his statement, defendant admitted pulling the trigger of a shotgun which another person pointed at the head of the victim. Defendant claimed he was drunk at the time, that he could not see the victim, and that the other person coaxed him into pulling the trigger. He helped dispose of the body after the killing.

At the sentencing hearing, the trial court found as the sole factor in aggravation that defendant had prior convictions for crimes punishable by more than sixty days' confinement. The trial court found in mitigation that defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process, and that he was willing to testify against a co-defendant.[1] The trial court decided the aggravating factor outweighed the mitigating factors and sentenced defendant to thirty years in prison. The presumptive sentence for second degree murder is fifteen years. G.S. § 15A-1340.4(f)(1). Defendant appealed his sentence pursuant to G.S. § 15A-1444(a1).

---

1. Evidence that a defendant "testified truthfully" against a co-defendant is one statutory factor which a trial judge must consider in passing sentence under the Fair Sentencing Act, G.S. § 15A-1340.4(a)(2)(h). However, evidence that a defendant was merely "willing" to testify against a co-defendant does not meet the statutory requirement. *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983). Nevertheless, a trial judge may properly consider *nonstatutory* mitigating factors in setting a sentence, so long as those factors are logically related to the purposes of

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Evans and Rountree, by Don Evans, for defendant.*

WELLS, Judge.

Defendant challenges the trial court's application of the Fair Sentencing Act to the facts of his case. Specifically, he first contends that his sentence undermines the policy of the act because he received double the presumptive prison term on the basis of a single weak aggravating factor: prior convictions of (1) shoplifting and (2) breaking and entering and larceny.

[1]   This court and our supreme court have previously considered the public policy aspects of the Fair Sentencing Act raised by the defendant in this case. In *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658, *cert. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982), we made it clear that under the act, trial judges continue to have great discretion with respect to balancing factors found in aggravation against factors found in mitigation, and that their balancing process, if correctly carried out, will not be disturbed on appeal. In *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983), our supreme court approved those principles we laid down in *Davis.* We must, therefore, reject defendant's argument that we may review the trial court's sentence on the grounds that one "weak" factor in aggravation should not be allowed to support a sentence which is double that of the presumptive sentence.

While rejecting defendant's argument, we are constrained, however, to recognize defendant's lament that this case significantly illustrates the fact that the evil of disparity in sentencing has not been eliminated by the act. There is no question that within the parameters of *Davis* and *Ahearn,* a single factor in ag-

sentencing. G.S. § 15A-1340.4. The crucial difference is that a trial judge *must* consider the presence or absence of the statutory mitigating and aggravating factors; whereas a trial judge *may,* but is not required to consider *nonstatutory* mitigating factors. *State v. Jones, supra.* In the case at bar, the record merely shows that the trial judge considered as a mitigating factor that defendant was willing to testify against a co-defendant. It is not clear whether the trial court believed this evidence met the statutory requirements of G.S. § 15A-1340.4(a)(2)(h), or indicated a nonstatutory mitigating factor. In either case, of course, no prejudice to defendant can have resulted from the judge's finding.

gravation, properly found, may support a sentence ranging from fifteen years (the presumptive sentence) to life imprisonment (the maximum sentence) for second degree murder, regardless of how many factors in mitigation are found.

Neither can we find necessary fault with defendant's argument that if the fundamental goals of the act are to be obtained, deviation from presumptive sentences should be the exception, not the rule, and that this case may illustrate the fears of the Knox Commission[2] that "if trial judges . . . disregard legislatively prescribed guidelines for sentencing, then the system would quickly revert to the unjust results of the present discretionary system." Whatever the merits of such argument may be, we are nevertheless convinced that as the act is now written, the results reached by us in *Davis*—and blessed by our supreme court in *Ahearn*—are sound. The act did not eliminate the existing "discretionary system"; it only established certain guidelines for trial judges which, if correctly observed, still leaves an open door for disparity of sentences. When it comes to sentencing, the trial judges still sit in the driver's seat. While, when appropriate, we can apply the letter of the law, the spirit of the law reposes in the hands of the trial judges who must apply it. In sentencing review, we look not for errors in judgment, but only for errors of law.

[2] Defendant also argues that the trial court did commit an error of law by not finding two factors in mitigation: first, that defendant was coerced into shooting the victim, and second, that defendant was suffering from a mental condition (alcoholism and drunkenness) which, while insufficient to constitute a defense, did significantly reduce defendant's culpability.

Initially, defendant argues that his evidence on both factors was "uncontradicted" and was therefore of a quality sufficient to require a finding in mitigation. We cannot agree. The defendant has the burden of establishing such factors by a preponderance of the evidence, G.S. § 15A-1340.4(a), and the trial court must weigh

---

2. The Commission on Correctional Programs, informally known as the Knox Commission, was created by a legislative act in 1974. The Commission's sentencing study, "Final Report of the Legislative Commission on Correctional Programs," was presented to the North Carolina General Assembly in February, 1977. Copies of the report are available at the North Carolina Legislative Library, Legislative Building, Jones Street, Raleigh, N.C.

defendant's evidence regardless of whether it is uncontradicted. The test laid down by our supreme court in *State v. Jones, supra,* is as follows:

> When evidence in support of a particular mitigating or aggravating factor is uncontradicted, substantial and there is no reason to doubt its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act.

While defendant's testimony that he was "coerced" into shooting the victim may be uncontradicted, its credibility is certainly open to question because of the subjective nature of such evidence and because of the defendant's interest in mitigating his own sentence. The same may be said for defendant's testimony that he was intoxicated at the time. Defendant's statement to the arresting officers indicates that he was able to recall in very substantial detail the events leading up to and following the shooting. Such evidence tends to show that defendant was not in such a state of intoxication as would have deprived him of his reason or of his ability to understand the dangerous aspects of his conduct; thus the credibility of such evidence was open to question.

For the reasons stated, the sentence imposed by the trial court is

Affirmed.

Judges ARNOLD and EAGLES concur.