STATE OF NORTH CAROLINA v. WILLIE EUGENE LANE

No. 842SC1349

(Filed 19 November 1985)

1. **Criminal Law § 89.3— prior consistent statements—credibility impeachment not required**
   It is not necessary for a witness's credibility to be impeached for prior consistent statements to be admissible in corroboration of a witness.

2. **Criminal Law § 86.2— impeachment of defendant—convictions more than ten years before trial**
   G.S. 8C-1, Rule 609 did not require the trial court to exclude cross-examination of defendant about prior convictions that occurred more than ten years before the trial where the statute did not become effective until the week following defendant's trial.

3. **Homicide § 6.1— involuntary manslaughter—lesser included offense of murder**
   Involuntary manslaughter is a lesser included offense of murder.

4. **Homicide § 21.9— involuntary manslaughter—sufficient evidence of culpable negligence**
   There was sufficient evidence of culpable negligence to support defendant's conviction of involuntary manslaughter where defendant testified that he pointed a pistol toward the victim which fired when he tried to pull it back and that he fired a second shot in an effort to scare the victim away from him.

5. **Criminal Law § 138— aggravating factor—prior crimes more than ten years old—property crimes and traffic offenses**
   The trial court did not err in relying upon convictions more than ten years old for property crimes and traffic offenses in finding as a factor in aggravation that defendant had prior convictions punishable by more than sixty days' confinement. G.S. 1340.4(a)(1)(o).

**6. Criminal Law § 138— failure to find mitigating factors—evidence not uncontra-dicted**

   The trial court did not err in failing to find in mitigation that defendant acted under duress, coercion, threat or compulsion which was insufficient to constitute a defense but significantly reduced his culpability, that defendant acted under strong provocation, or that defendant reasonably believed that his conduct was legal where defendant's evidence in support of these factors was contradicted by prosecution witnesses who testified that the victim carried no weapon and that defendant held the victim by the collar and fired two shots in rapid succession. G.S. 1340.4(a)(2)(b), (i) and (k).

**7. Criminal Law § 138— weight of mitigating and aggravating factors—discretion of court**

   The trial court did not abuse its discretion in failing to find that the two factors in mitigation outweighed the one factor in aggravation and in imposing the maximum permissible sentence.

   Judge WEBB concurring in the result.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 29 June 1984 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 17 September 1985.

The defendant was tried for first degree murder. The evidence for the State showed that the defendant occupied a house in Washington in which he sold liquor and beer and operated a poker game. On 12 January 1984 the defendant put Troy Lee Oden out of the house for causing a disturbance. The defendant and two other persons escorted Mr. Oden into the yard where an argument ensued. A witness testified the defendant grabbed Mr. Oden by the collar. The witness testified he heard two shots in rapid succession and heard the defendant say "now lay down." The witness testified he saw a gun in the defendant's hand.

The medical examiner for Beaufort County testified that Mr. Oden suffered two gunshot wounds one of which was the cause of his death. The other wound would not have been sufficient to cause the death of Mr. Oden. He could not state which of the wounds was inflicted first. The medical examiner also testified that at the time of his death Mr. Oden had a blood alcohol content of .22%.

The defendant testified that immediately before the shooting Mr. Oden threatened "to f--k him up." He testified further that although he had a pistol he asked Mr. Oden to leave because he

did not want any trouble. He stated the first shot was fired when he tried to pull the gun back from Mr. Oden and he did not intend to fire. He then testified he fired the second shot in an effort to scare Mr. Oden away from him. He also testified he did not intend to fire the second shot and he was not sure whether he pulled the trigger or the gun discharged when Mr. Oden twisted his arm.

Sammy Edwards testified for the defendant that Mr. Oden threatened the defendant and that after the defendant drew his gun Mr. Oden rushed toward the defendant and grabbed the gun. When the defendant pulled the gun back it fired. Mr. Edwards also testified that as Mr. Oden was rushing toward the defendant the defendant was backing up rapidly. He saw Mr. Oden grab the gun a second time and heard another shot.

The defendant was convicted of involuntary manslaughter and sentenced to ten years in prison. He appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*William B. Cherry for defendant appellant.*

MARTIN, Judge.

[1]  In his first assignment of error the defendant contends the Superior Court erred in allowing an officer to read to the jury statements made to him by two of the State's witnesses. He argues that the witnesses had not been impeached and the statements did not corroborate the witnesses. It is not necessary for a witness' credibility to be impeached for prior consistent statements to be admissible in corroboration of a witness. *State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979). The appellant does not say why the statements read by the officer did not corroborate the witnesses. We believe they do. This assignment of error is overruled.

[2]  In his second assignment of error the defendant argues that the trial court erred in permitting the prosecutor to ask the defendant on cross-examination whether he had been convicted of several larceny charges more than ten years before the date of trial. He contends that because G.S. 8C-1, Rule 609 became effective the week following his trial the court should have followed

that rule and excluded evidence of the defendant's prior convictions that occurred more than ten years before the trial.

Before G.S. 8C-1 became effective, the rule was that for purposes of impeachment the defendant could be cross-examined about prior convictions. This rule contained no time limits within which the convictions must have occurred. 1 H. Brandis, *Brandis on North Carolina Evidence* § 112 (1982). This rule remained in effect until the effective date of G.S. 8C-1, which applies to actions commenced after 1 July 1984. The court had no authority to implement a statute before its effective date. This assignment of error is overruled.

[3] In his third assignment of error the defendant contends it was error to submit to the jury a possible verdict of involuntary manslaughter as a lesser included offense of murder. This issue was addressed by our Supreme Court in *State v. Greene*, 314 N.C. 649, 336 S.E. 2d 87 (1985), and was resolved against defendant. This assignment of error is overruled.

[4] In his next assignment of error the defendant contends the court should have allowed his motion to set the verdict aside because there was not sufficient evidence to find him guilty of involuntary manslaughter. A death which is proximately caused by culpable negligence is involuntary manslaughter. *See State v. Greene, supra.* In this case the testimony of the defendant showed that he pointed a pistol toward Mr. Oden which fired when he tried to pull it back and that he fired the second shot in an effort to scare Mr. Oden away from him is evidence of culpable negligence. This evidence was sufficient to show culpable negligence on the part of defendant which proximately caused the death of Mr. Oden.

[5] In his fifth assignment of error the defendant argues that the trial court erred in sentencing the defendant for several reasons. The defendant first contends that the court improperly found as a factor in aggravation that the defendant had prior convictions punishable by more than 60 days' confinement pursuant to G.S. 1340.4(a)(1)(o), since the convictions relied upon were more than ten years old and were for property crimes and traffic offenses. G.S. 1340.4(a)(1)(o) does not include any time limit within which the convictions must have occurred nor does it make any

distinction among crimes of violence, property crimes and traffic offenses. The court properly found this aggravating factor.

[6]   The defendant also argues that the court erred in failing to find in mitigation that the defendant acted under duress, coercion, threat, or compulsion which was insufficient to constitute a defense but significantly reduced his culpability, pursuant to G.S. 1340.4(a)(2)(b), that the defendant acted under strong provocation, pursuant to G.S. 1340.4(a)(2)(i), and that the defendant at the time reasonably believed that his conduct was legal, pursuant to G.S. 1340.4(a)(2)(k). The failure of the court to find a factor in mitigation urged by the defendant will not be overturned on appeal unless the evidence in support of the factor is uncontradicted, substantial, and there is no reason to doubt its credibility. *State v. Hinnant*, 65 N.C. App. 130, 308 S.E. 2d 732 (1983). The defendant's evidence in support of these factors was contradicted by prosecution witnesses who testified that the victim carried no weapon and that the defendant held the victim by the collar and fired two shots in rapid succession. Therefore, the contended factors in mitigation were not shown by uncontradicted and manifestly credible evidence and the court's refusal to find the factors in mitigation was not an abuse of discretion.

[7]   Finally, the defendant argues that the court abused its discretion in failing to find that the two factors in mitigation outweighed the one factor in aggravation and in imposing the maximum permissible sentence.

> While [the trial judge] is required to justify a sentence which deviates from a presumptive term to the extent that he must make findings in aggravation and mitigation properly supported by the evidence and in accordance with the Act, a trial judge need not justify the weight he attaches to any factor. He may properly determine that one factor in aggravation outweighs more than one factor in mitigation and vice versa.

*State v. Ahearn*, 307 N.C. 584, 596-97, 300 S.E. 2d 689, 697 (1983). This assignment of error is overruled.

No error.

Judge BECTON concurs.

Judge WEBB concurs in the result.

Judge WEBB concurring in the result.

I concur in the result but I believe the defendant's third assignment of error deserves some discussion. I believe our Supreme Court erred in *State v. Greene*, No. 254A85, filed 5 November 1985 and the defendant may want to petition the Supreme Court to hear this case and change their opinion in *Greene.*

When *State v. Greene*, 74 N.C. App. 21, 328 S.E. 2d 1 (1985) was filed by this Court there was a dissent in which it was said that involuntary manslaughter is not a lesser included offense of the other degrees of homicide and the defendant, who was convicted of involuntary manslaughter on a murder indictment, had been convicted of a crime with which he was not charged. For that reason the dissenting judge said it was error to submit involuntary manslaughter to the jury and voted to arrest judgment. The dissenting judge said that involuntary manslaughter has as an element the commission of some unlawful or culpably negligent act which is not an element in murder. The Supreme Court rejected the reasoning of the dissent and held that involuntary manslaughter is a lesser included offense of murder. It said that neither the commission of an unlawful or culpably negligent act is an element of involuntary manslaughter and that murder contains all the elements of involuntary manslaughter.

I do not believe the reasoning of the Supreme Court can withstand a logical analysis. It defines involuntary manslaughter as "the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony or not naturally dangerous to human life, or (2) a culpably negligent act or omission." It then says, "If the State proves beyond a reasonable doubt that the killing was caused either by an unlawful act not amounting to a felony or by culpably negligent conduct, it has proven that the killing was unlawful." This should be a good example of the proof of an element of a crime. An element of a crime is something that must be proved in order to convict a defendant of the crime. Nevertheless the Supreme Court says in *Greene* that neither an unlawful act not amounting to a felony nor a culpably negligent act is an element of involuntary manslaughter "but are two methods of proving the essential element that the killing was unlawful."

I believe this reasoning by the Supreme Court is inconsistent with the theory upon which essential elements of crimes are based. If it is necessary to prove something in order to convict a person of a crime that something is an essential element of the crime. If there is not some evidence of culpable negligence or an unlawful act not amounting to a felony it is error to submit involuntary manslaughter to the jury. *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980). This makes them essential elements of involuntary manslaughter.

The Supreme Court also said, "The single essential element common to all four degrees of homicide is that there be an unlawful killing of a human being." If this is to be the law a new element has been added to homicide. A judge in this state has never been required to charge that a jury must find an unlawful killing in addition to the other elements in order to find a defendant guilty of any degree of homicide. The expression "unlawful killing" is simply a description of the homicides which are criminal and has never been considered an element of a crime.

I believe the defendant has the logic of the law on his side but we are bound by *Greene* to overrule this assignment of error.