849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazel Lee HARRIS, Petitioner-Appellant,
v.
Harry L. ALLSBROOK; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 87-6695.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 11, 1988.
Decided: June 9, 1988.
 
 Hazel Lee Harris, appellant pro se.
 Barry Steven McNeill, Assistant Attorney General (Office of the Attorney General of North Carolina), for appellee.
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hazel Lee Harris appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus relief alleging errors in his 1984 convictions of robbery, second-degree rape and second degree sexual offense. After a thorough review of the record, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Wearing a red bathrobe, jeans and a floppy hat and riding a moped, Harris separately accosted two pedestrians shortly after midnight. He first pulled up beside William Chambers, who was jogging, pointed a gun at Chambers, robbed him of his walkman-type radio and earphones and hit him in the face with the gun, injuring Chambers' nose. Chambers quickly reported the crime, giving a description of his assailant, and went to a hospital for treatment.
 
 
 3
 Harris next approached Brenda Gillespie, showed her the gun and told her to get on the moped with him. He then took her to a playground where he commanded her to undress and forcibly initiated intercourse. Harris then made Ms. Gillespie walk to another spot where he forced her to have oral sex with him. As he left, he took her rings and watch. Ms. Gillespie immediately reported the rape and robbery from a phone booth. Her description of the rapist matched the one just received from Chambers. Harris was found by police soon after Ms. Gillespie's report, still riding the moped, and was arrested. Ms. Gillespie identified him as the man who had raped her while he stood in the headlights between two police cars. Harris was also taken to the hospital where Chambers was being treated and identified by Chambers.
 
 
 4
 Harris has exhausted all the claims he raises here through a motion for appropriate relief in the state court.
 
 
 5
 Harris filed his notice of appeal from the district court's judgment after the district court had entered a brief memorandum of decision but before entry of the final order and judgment. Under Rule 4(a)(2), Federal Rules of Appellate Procedure, the notice of appeal is treated as having been filed after the entry of judgment and on the same day.
 
 
 6
 We note that the district court judge asked the state's attorney to prepare proposed findings of fact and conclusions of law, which the district court appears to have adopted in toto as its final order. We have previously expressed disapproval of this practice. Shaw v. Martin, 733 F.2d 304, 309 n. 7 (4th Cir.), cert. denied, 469 U.S. 863 (1984); Miller v. Mercy Hospital, Inc., 720 F.2d 356, 368-69 (4th Cir.1983), cert. denied, 470 U.S. 1083 (1985). It does not warrant an automatic reversal, EEOC v. Federal Reserve Bank of Richmond, 698 F.2d 633, 639-42 (4th Cir.1983), rev'd on other grounds, 467 U.S. 867 (1984), but it does require that we examine the facts and legal consequences of the case with more careful scrutiny than would otherwise be necessary. EEOC v. Federal Reserve Bank of Richmond, 698 F.2d at 641.
 
 
 7
 Harris first alleges that his trial counsel was ineffective in that his attorney (1) did not object to the introduction of Harris' prior record which included offenses over ten years old, and failed to move for suppression of his record; (2) did not try "enthusiastically" to sever the armed robbery of Chambers from the charges relating to Gillespie; (3) did not raise on appeal all the issues Harris wanted him to argue, especially sufficiency of the evidence; (4) did not pursue the motion filed by his former attorney to suppress the in-court identifications of Harris as being tainted by prior impermissibly suggestive show-ups; and (5) did not object to the sentencing court's consideration of an aggravating factor (Harris' prior record) as erroneous on the ground that the court made no findings on whether Harris had been represented by or had waived counsel or had been indigent at the time of his prior convictions.
 
 
 8
 To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that his attorney's representation fell below an objective standard of reasonableness and that, but for his attorney's unprofessional errors, the result of his trial would probably have been different. Strickland v. Washington, 466 U.S. 668 (1984). The record here does not support a finding of ineffectiveness.
 
 
 9
 At the time of the trial in April, 1984, North Carolina law allowed cross-examination of a criminal defendant on his entire record. State v. Calloway, 305 N.C. 747, 291 S.E.2d 622 (1982). Harris chose to testify, thus exposing himself to questioning on all his prior convictions. His attorney had no basis for an objection, even though three months later a new rule of evidence became effective in North Carolina which limited admission of evidence of prior convictions to those less than ten years old. N.C.Gen.Stat. Sec. 8C-1 Rule 609(b). The new rule did not apply in trials held before July 1, 1984. State v. Lane, 77 N.C.App. 741, 336 S.E.2d 410 (1985).
 
 
 10
 Harris' first attorney filed a motion for a separate trial on the charge relating to Chambers. After a hearing, the motion was denied. Harris' trial attorney renewed the motion at trial and argued vigorously for severance. The trial judge found that the matter had already been litigated thoroughly and that the offenses were sufficiently connected that he would not be inclined to sever them in any case. The attorney's failure to obtain a severance does not demonstrate ineffectiveness in these circumstances.
 
 
 11
 Although Harris' attorney may have declined to raise certain issues on appeal, he was not constitutionally required to raise every issue Harris wished argued. Jones v. Barnes, 463 U.S. 745 (1983). An attorney may use reasonable professional judgment in deciding which issues to pursue on appeal. Griffin v. Aiken, 775 F.2d 1226 (4th Cir.1985), cert. denied, 54 U.S.L.W. 3859 (U.S. June 30, 1986) (No. 85-6859).
 
 
 12
 Similarly, the attorney was not ineffective when he failed to object to the in-court identifications of Harris. At a pre-trial evidentiary hearing, Harris' former attorney had argued that the identifications of Harris which were made right after the offenses were committed had been conducted in an impermissibly suggestive manner and had tainted any subsequent identifications. The motion was denied with findings of fact showing that both identifications were constitutionally valid according to the criteria set out in Neil v. Biggers, 409 U.S. 188, 199-200 (1972). In addition, Harris testified that he had been with Chambers and Gillespie at the time the offenses occurred. His attorney, therefore, had no reasonable ground for challenging their identifications of him.
 
 
 13
 Harris has not alleged or shown that he actually lacked counsel or was indigent at the time of his prior convictions. His attorney cannot be faulted for failing to object to the consideration of his prior convictions as an aggravating factor at sentencing unless Harris demonstrates that such an objection would have been justified.
 
 
 14
 Harris next maintains that the evidence was insufficient to support his conviction of rape because the medical examination of Ms. Gillespie did not find sperm in her vagina. However, under North Carolina law it is not necessary to show the emission of semen in order to prove rape. State v. Williams, 314 N.C. 337, 333 S.E.2d 708 (1985). Ms. Gillespie's testimony that there was penetration was evidence on which the jury could rationally find Harris guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 15
 Harris also claims that the identifications of him made just after the crimes were impermissibly suggestive and a denial of due process. As discussed above, the identification procedures complied with due process.
 
 
 16
 Next Harris argues that the trial judge compelled Chambers to commit perjury and thus denied Harris a trial before an impartial judge and an unbiased jury. Chambers told the judge before trial that he wanted to "drop the charges" because coming to court was too great an inconvenience. The judge informed Chambers that the decision to charge was not his, and that as a subpoenaed witness he had no choice but to testify. This was not an invitation to perjury, nor an indication that the judge was biased, nor does Harris show how it would have biased the jury against him.
 
 
 17
 The trial court's consolidation of all the offenses against him is cited by Harris as an abuse of discretion. However, separate offenses may be consolidated for trial if they are connected as part of a common scheme or plan. United States v. Eades, 615 F.2d 617 (4th Cir.1980), cert. denied, 450 U.S. 1001 (1981). In this case, the acts were closely connected and joinder was proper.
 
 
 18
 Finally, as discussed earlier, Harris failed to show that he lacked counsel or was indigent at the time of his prior convictions. Therefore, the sentencing court's failure to make findings on the matter does not appear to have violated state law, which requires the defendant to make such a showing to prevent prior convictions from being considered as an aggravating factor. Nor does this claim state a constitutional violation.
 
 
 19
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 DISMISSED.