STATE OF NORTH CAROLINA v. GABRIEL HILBERT

No. COA00-368

(Filed 7 August 2001)

## 1. Sentencing— burglary—aggravating factor—presence of young victim

The trial court erred by aggravating a first-degree burglary sentence based on the alleged presence of a very young victim where there was no evidence that defendant targeted the victims' home because of the presence of young children, that he knew the age of the occupants before breaking into the residence, that he entered the children's rooms, or that they were aware that he was in the house. N.C.G.S. § 15A-1340.16(d)(11).

## 2. Sentencing— burglary—mitigating circumstance—completion of drug treatment program

In a case remanded on other grounds, the trial court erred when sentencing defendant for first-degree burglary by not finding the statutory mitigating factor that defendant had completed a drug treatment program where the court was informed that defendant had entered himself in a program while awaiting trial, a certificate verifying successful completion of the program was handed to the trial court, no objection was made by the

State, and no evidence to the contrary was presented. N.C.G.S. § 15A-1340.16(e)(16).

### 3. Probation and Parole— anticipatory violation bond

A probationary term requiring defendant to be arrested and placed under a $100,000 cash bond upon a positive drug or alcohol test was not properly before the Court of Appeals where the convictions for which probation was imposed were not included in the petition for certiorari in a burglary conviction or in the order allowing the petition, defendant failed to object at sentencing, defendant failed to cite authority other than generalized constitutional references, and the issue was not within the categories previously accorded plain error review. However, the trial courts were urged to exercise caution in setting anticipatory probation violation appearance bonds.

Appeal by defendant from judgment entered 18 November 1996 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 26 March 2001.

*Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

*Keith A. Williams for defendant-appellant.*

JOHN, Judge.

Pursuant to this Court's 16 March 1998 grant of defendant's Petition for Writ of Certiorari (Petition), defendant appeals the trial court's judgment entered in case 96 CRS 13960 upon defendant's conviction of first degree burglary. Defendant further assigns error to a term of the probationary judgments entered in cases 96 CRS 113788-90, 13959, 14027-29, 14353-57 and 14382. We vacate the judgment in case 96 CRS 13960.

At defendant's sentencing hearing, the State's evidence regarding the first degree burglary offense in case 96 CRS 13960 tended to show the following: On or about 22 May 1996 during the nighttime hours, defendant entered the home of Paul and Margaret Gemporline (Mr. & Mrs. Gemporline) by cutting a screen door at the rear of the residence and making his way through a locked back door. Upon entry, defendant stole money from Mrs. Gemporline's purse as well as checks from her checkbook, credit cards, camera equipment and keys to the couple's home and automobiles. Defendant also stole a

minivan parked in the driveway at the residence. In addition, Mrs. Gemporline testified that she, her husband and their two young children were at home during the burglary. According to Mrs. Gemporline, she was not aware defendant was in the house and she and her family slept throughout the entire incident.

In sentencing defendant in case 96 CRS 13960, the trial court found as an aggravating sentencing factor that "the victim was very young," but found no mitigating factors. Based upon these determinations and its further finding that defendant had no prior convictions and that his prior record level was level I, the trial court sentenced defendant to a minimum eighty month and a maximum one hundred-five month active term of imprisonment.

**[1]** On appeal, defendant first contends the trial court erred by "aggravating [his] first degree burglary sentence based on the alleged presence of a 'very young' victim." In response, the State concedes the evidence presented at defendant's sentencing hearing was insufficient to sustain the aggravating factor found by the trial court. We agree.

Prior to imposing a sentence other than the presumptive term for a particular offense, the trial court is required to consider the statutory list of aggravating and mitigating sentencing factors listed in N.C.G.S. § 15A-1340.16 (2000),

> to make written findings of fact concerning the factors, and to determine whether one set outweighs the other or whether they are counterbalanced.

*State v. Harrington*, 118 N.C. App. 306, 307, 454 S.E.2d 713, 714 (1995). "The State bears the burden of proving by a preponderance of the evidence that an aggravating factor exists." N.C.G.S. § 15A-1340.16(a) (2000).

In the case *sub judice*, the trial court utilized the aggravating factor set out in N.C.G.S. § 15A-1340.16(d)(11) (2000), *i.e.*, that "[t]he victim was very young, or very old, or mentally or physically infirm, or handicapped." This Court has observed that

> [t]he policy underlying this aggravating factor is to deter wrongdoers from taking advantage of a victim because of his age or mental or physical infirmity.

> *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997). However,

age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already [would be] as a result of committing a violent crime against another person.

*State v. Hines*, 314 N.C. 522, 525, 335 S.E.2d 6, 8 (1985) (citations omitted).

A criminal may "take advantage," *Deese*, 127 N.C. at 540, 491 S.E.2d at 685, of the age of a victim in two different ways:

First, he may 'target' the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself.

*Id.* (internal citations and quotations omitted). Appellate review of a trial court's finding of the aggravating factor at issue thus necessarily focuses upon

whether the victim, by reason of his years, was more vulnerable to the [crime] committed against him than he otherwise would have been.

*Id.* at 541, 491 S.E.2d at 685.

As the State has acknowledged, the instant case is strikingly similar to *State v. Styles*, 93 N.C. App. 596, 379 S.E.2d 255 (1989). In *Styles*, this Court held the victim's age was improperly found as an aggravating factor during sentencing of a defendant convicted of first-degree burglary. *Id.* at 607, 379 S.E.2d at 262. In so holding, we observed

there [was] no evidence tending to show [the victim's] home [had been] targeted for burglary because of her old age. In fact, there is no evidence at all that defendant knew the age of the occupants of the house before he broke into it. Furthermore, there is no evidence in the record that [the victim], because of her old age, was more vulnerable to having her home burglarized than anyone else, or that she had a more difficult time recovering from the effects of the crime. [The victim] was not taken advantage of dur-

ing the actual commission of the crime as there was evidence that she was asleep during the entire burglary.

*Id.*

Likewise, no evidence was presented at the sentencing hearing herein which tended to show defendant targeted the home of Mr. and Mrs. Gemporline for burglary because of the presence of young children, nor even that he knew the age of the occupants before breaking into the residence. In addition, the uncontradicted testimony of Mrs. Gemporline was that she was not acquainted with defendant nor did she have any information that defendant knew her children. Finally, no evidence was introduced indicating defendant entered the rooms of the children or that the latter were aware defendant was in the residence. As in *Styles*, therefore, the trial court's finding that the victim's youth "was an aggravating factor of burglary was inappropriate," *id.*, and the judgment in case 96 CRS 13960 must be vacated and the matter remanded for resentencing.

[2] As it may recur upon remand, we address defendant's additional argument in case 96 CRS 13960 that the trial court erred "by refusing to find the existence of an uncontroverted mitigating factor." Once again, the State recognizes the trial court "may have erred" in failing to find the statutory mitigating factor set out in N.C.G.S. § 15A-1340.16(e)(16) (2000), *i.e.*, that

[t]he defendant has entered and is currently involved in or has successfully completed a drug treatment program or an alcohol treatment program subsequent to arrest and prior to trial.

At sentencing, a criminal defendant has the burden of proving the existence of any mitigating factors by a preponderance of the evidence. *State v. Noffsinger*, 137 N.C. App. 418, 429, 528 S.E.2d 605, 612 (2000). The failure of a trial court to find a mitigating factor upon presentation of evidence in support of that factor which is "uncontradicted, substantial and there is no reason to doubt its credibility[,] constitutes reversible error." *State v. Lane*, 77 N.C. App. 741, 745, 336 S.E.2d 410, 412 (1985) (internal citation and quotation omitted).

At defendant's sentencing hearing, the trial court was informed defendant had "voluntarily entered himself into that 21-day program out at Walter B. Jones" while awaiting trial. Although the exhibit has not been included in the record on appeal, it appears from the hearing transcript that a certificate verifying defendant's successful com-

pletion of the local drug treatment program prior to trial was simultaneously handed to the trial court. No objection was interjected by the State and no evidence to the contrary was presented. Accordingly, as the State concedes, there "may have" been before the trial court uncontroverted, "uncontradicted, [and] substantial evidence," *id.*, of the mitigating factor at issue and there [wa]s no reason to doubt its credibility," *id.* Under such circumstances, failure of the trial court to acknowledge the statutory mitigating factor in its sentencing findings would constitute prejudicial error requiring resentencing. *See id.*

**[3]** As previously indicated, defendant also attempts to challenge a probationary term imposed in cases 96 CRS 113788-09, 13959, 14027-29, 14353-57 and 14382 following the usual condition that the defendant "supply a breath, urine and/or blood specimen for analysis of the possible presence of a prohibited drug or alcohol" when instructed by his probation officer. To this testing condition, the trial court added the following:

> First positive test he is to be immediately arrested and placed under $100,000.00 cash bond to await the probation violation hearing.

Defendant's arguments challenging inclusion of this term as a condition of probation are not properly before us.

First, save for case 96CRS 13960, defendant's convictions were neither included in his Petition nor in our order allowing certiorari. In addition, defendant failed to object at sentencing to the probationary condition at issue and his present challenge thereto has not been preserved for our review. *See* N.C.R. App. P 10(b) ("[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely . . . objection or motion, stating the specific grounds for the ruling the party desired the court to make . . ."). Further, other than generalized constitutional references, defendant cites no authority in support of his opposition to inclusion in the judgment of an appearance bond in anticipation of defendant's violation of a probation condition. *See* N.C.R. App. P. 28(b)(5) ("[a]ssignments of error . . . in support of which no . . . authority [is] cited[] will be taken as abandoned. Finally, although defendant also suggests "the bond requirement was plain error," the issue is not within the categories previously accorded plain error review by our appellate courts. *See State v. Cummings*, 346 N.C. 291, 313-14, 488 S.E.2d 550,

563 (1997), *cert. denied*, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998) (appellate courts have chosen to review "unpreserved issues for plain error [only] when Rule 10(c)(4) of the Rules of Appellate Procedure has been complied with and when the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence"); *see also State v. Diehl*, 353 N.C. 433, 439, 545 S.E.2d 185, 189 (2001), Martin, J., dissenting ("plain error analysis does not govern [appellate] review of jury arguments").

Notwithstanding, although not addressing this assignment of error for the foregoing reasons, we feel compelled to urge caution on the part of our trial courts regarding the setting of anticipatory probation violation appearance bonds similar to that *sub judice. See* N.C.G.S § 15A-1345(b) (1999) (probationer arrested during period of probation for violation of any condition of probation *"must* be taken without unnecessary delay before a judicial official *to have conditions of release* pending a revocation hearing *set* in the same manner as provided in G.S. 15A-534" (emphasis added). Should a sentencing court imposing a probationary judgment seek to address the matter of appearance bond in the event of the defendant's arrest for alleged violation of conditions of probation, we perceive the better practice to be that the court "recommend" bond in a certain amount upon issuance of a probation violation warrant.

Finally, the State points out in its brief a clerical error in the judgment imposed in case 96 CRS 13957 upon defendant's conviction of second degree burglary. Said judgment reflects that findings of factors of aggravation and mitigation purportedly were rendered by the trial court. However, the sentencing hearing transcript contains no recitation of such findings by the court in case 96 CRS 13957. In any event, defendant was sentenced in that case to a term of imprisonment from the presumptive range. Pursuant to N.C.R. App. P. 2 (2001) (appellate court may "upon its own initiative" "suspend or vary the requirements" of Appellate Rules), therefore, we consider case 96 CRS 13957 for the limited purpose of ordering remand of the judgment therein for correction of the clerical error by striking the unsupported notation that the trial court rendered findings of factors in aggravation and mitigation. *See generally State v. Lineman*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999) (internal quotation and citation omitted) ("court of record has the inherent power and duty to make its records speak the truth").

96 CRS 13960: Judgment vacated and case remanded for resentencing; 96 CRS 13957: Case remanded for correction of clerical error in judgment.

Chief Judge EAGLES and Judge McCULLOUGH concur.