STATE OF NORTH CAROLINA
v.
CONAN VERNELL WARRAN.
No. COA08-931
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Susan K. Hackney for the State.
Sue Genrich Berry for defendant-appellant.
ROBERT C. HUNTER, Judge.
A jury found defendant guilty of statutory rape and statutory sexual offense. The charges were consolidated for judgment and defendant was sentenced to 269 to 332 months imprisonment. From the judgment entered, defendant appeals. We find no prejudicial error at trial, but remand for the limited purpose of correcting the statute number in the judgment.
Defendant was indicted for statutory rape and second degree forcible rape in case 05CRS050589 and for statutory sexual offense in case 05CRS050590. On appeal, defendant argues that the trial court lacked subject matter jurisdiction because the indictments were fatally defective. Defendant first argues that the indictment in case 05CRS050589 is fatally defective because the indictment cites that the offense is in violation of N.C. Gen. Stat. § 14-27.7(a), while the body of the indictment appears to allege a violation of N.C. Gen. Stat. § 14-27.7A. We note that, at the close of the State's evidence, upon defendant's motion to dismiss, the second degree forcible rape charge was dismissed. Therefore, defendant's argument applies only to the charge of statutory rape of a person who is thirteen, fourteen, or fifteen years old.
Although the indictment in case 05CRS050589 cites N.C. Gen. Stat. § 14-27.7(a) as the statute defendant allegedly violated, the body of the indictment clearly indicates that the State intended to charge defendant with violating N.C. Gen. Stat. § 14-27.7A(a).
The indictment states:
The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above, the defendant named above unlawfully, willfully and feloniously did engage in a vaginal intercourse with [K.J.], a person of the age of 14 years. At the time of the offense the defendant was at least six years older than the victim and was not lawfully married to the victim.
Section 14-27.7(a) sets forth the elements for the offense of intercourse and sexual offenses with certain victims, when defendant has assumed the position of a parent in the home of the minor victim. N.C. Gen. Stat. § 14-27.7(a) (2007). However, section 14-27.7A(a) sets forth the elements for the offense of the statutory rape or sexual offense of a person who is thirteen, fourteen, or fifteen years old, when the perpetrator is at least six years older than the victim. N.C. Gen. Stat. § 14-27.7A(a) (2007). In this case, the jury was instructed pursuant to section 14-27.7A(a), rather than section 14-27.7(a). This Court has held that when the body of the indictment is sufficient to properly charge defendant with an offense, the indictment remains valid even though the indictment may cite to an incorrect statute and reference to the incorrect statute does not constitute a fatal defect. See State v. Jones, 110 N.C. App. 289, 290-91, 429 S.E.2d 410, 411-12 (1993). We conclude that the indictment remains valid as it put defendant on notice that he was being charged pursuant to N.C. Gen. Stat. § 14-27.7A(a) with statutory rape of a person who is thirteen, fourteen, or fifteen years old, when the perpetrator is at least six years older than the victim. Accordingly, this assignment of error is overruled.
Defendant next argues that the indictment in case 05CRS050590 is fatally defective because the indictment fails to allege a sexual act or the non-marital status of the minor victim and defendant.
Our legislature and courts have endorsed the use of short-form indictments for sex offenses, even though the indictments do not specifically allege each and every element. N.C. Gen. Stat. § 15-144.2(a) (2007); State v. Harris, 140 N.C. App. 208, 215, 535 S.E.2d 614, 619, appeal dismissed and disc. review denied, 353 N.C. 271, 546 S.E.2d 122 (2000). Section 15-144.2(a) provides:
In indictments for sex offense it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the sex offense was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, naming the victim, by force and against the will of such victim and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a first degree sex offense and will support a verdict of guilty of a sex offense in the first degree, a sex offense in the second degree, an attempt to commit a sex offense or an assault.
N.C. Gen. Stat. § 15-144.2(a) (2007).
In this case, the caption on defendant's indictment reads
"Indictment Statutory Sexual Offense" and denotes it is an "Offense in Violation of G.S. § 14-27.7A(a)." The body of the indictment states:
The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with [K.J.], a child who is 14 years old. At the time of the offense the defendant was at least 6 years older than the victim.
Here, the indictment tracks the language of N.C. Gen. Stat. § 15-144.2(a). The indictment names the person accused, the date of the offense, the county in which the sex offense was allegedly committed, and that the accused person unlawfully, willfully, and feloniously did engage in a sexual offense with the named victim. We note, that while the indictment did not include the phrase "by force and against the will of [the] victim," it is not an element of the charge at issue here: "A sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person. . . ." N.C. Gen. Stat. § 14-27.7A(a) (2007). Proof that defendant committed the offense "by force and against the will of [the] victim" was not required for conviction; therefore, the indictment was not required to include that language. See N.C. Gen. Stat. § 15-155 (2007) ("No judgment upon any indictment for felony or misdemeanor . . . shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved. . . ."). We conclude that the indictment is valid. Therefore, this assignment of error is overruled.
Although not assigned as error in the record on appeal, defendant has identified a clerical error on the judgment entered by the trial court. On the Judgment and Commitment form, the statute number for statutory rape and statutory sex offense is listed as G.S. 14-27.7A(A). There is no N.C. Gen. Stat. § 14-27.7A(A), and it appears that the improper capitalization was a clerical error.
Defendant was not prejudiced by the clerical error. Nevertheless, we deem it appropriate to remand the judgment to the trial court for the limited purpose of correcting the statute number thereon. See State v. Hilbert, 145 N.C. App. 440, 446, 549 S.E.2d 882, 886 (2001) (citing State v. Linemann, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999)).
The record on appeal contains an additional assignment of error which is not addressed in defendant's appellate brief. By rule, we deem it abandoned. See N.C.R. App. P. 28(b)(6). In sum, we find no prejudicial error, but remand the case for the limited purpose of correcting the statute number listed on the judgment.
No error; remanded for correction of judgment.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).